LEMMON, Justice.
This is an appeal from a conviction of perjury and a sentence to pay a $750 fine. R.S. 14:123. The sole issue is whether the evidence was sufficient to support the conviction.
In February, 1978, defendant sustained gunshot wounds. Several days later he gave a recorded statement to the police, implicating two brothers, Ray and John Lo-vett, in the shooting.
No arrests were made or charges filed until January, 1979, when John Lovett was arrested on unrelated charges. When a computer check revealed Lovett’s prior involvement in the shooting of defendant, the police again questioned defendant.[1] Defendant stated that although Lovett had shot him, he did not wish to pursue the charges, because Lovett had apologized for the incident.
Lovett was nevertheless charged with attempted murder of defendant. At an April, 1979 preliminary examination, defendant was called as a witness. When asked who had shot him, defendant replied, “I don’t know.” The prosecutor then reminded defendant he was under oath and inquired about defendant’s earlier statement to the police. Defendant testified that he told the police what people who visited him in the hospital told him about the shooting.
The hearing was abruptly terminated. Shortly thereafter, the state filed the present charge of perjury against defendant.
R.S. 14:123 defines the crime of perjury.[2] Under R.S. 14:124, the state may prove that perjury was committed by showing that a person made contradictory or inconsistent statements in the same or separate proceedings without the necessity of proving which of the statements is false. However, for R.S. 14:124 to apply, both statements must be made under oath or affirmation.[3]
In the present case, only defendant’s last statement was made under oath. Therefore, the state was required to prove beyond a reasonable doubt that the defend *62 ant knowingly made a false statement at the preliminary examination. It was not sufficient to show merely that the statement under oath was inconsistent with his prior unsworn statements to police.
The only items of evidence which tended to establish the falsity of defendant’s preliminary hearing statement (“I don’t know”) were his earlier inconsistent statements to police, in which defendant first identified Lovett as one of his assailants and later expressed a desire not to prosecute Lovett. No additional corroborating evidence was offered to show that defendant’s statements naming Lovett were in fact truthful or that defendant had any first-hand knowledge of the identity of his assailants. Without more than the mere proof of oral assertions which were inconsistent with the preliminary hearing testimony, the state has not proved beyond a reasonable doubt that the under-oath statement was false. See United States v. Goldberg, 290 F.2d 729 (2nd Cir. 1961).[4]
Under the facts presented, the state’s evidence does not exclude the reasonable possibility that defendant’s initial statement to police professing first-hand knowledge of the identity of his assailant was inaccurate and that defendant, when placed under oath (and sworn to tell the truth subject to prosecution for perjury), truthfully revealed his lack of first-hand knowledge by admitting that he really did not know who shot him.
Although this court is aware of the state’s problem in dealing with the “turncoat witness”, we cannot jurisprudentially expand the “inconsistent statement” provision of R.S. 14:124 to govern situations (like the present) when one of the inconsistent statements is not under oath. If the state intends to prosecute for perjury in such cases, corroboration beyond the mere proof of defendant’s unsworn contrary assertions must be offered.
When viewed in a light most favorable to the state, the evidence is insufficient to sustain the conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); See Burks v. United States, 431 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
Accordingly, defendant’s conviction and sentence are reversed, and defendant is discharged.

. Defendant was then in parish prison on traffic charges.

. R.S. 14:123 provides:
“Perjury is the intentional making of a false written or oral statement in, or for use in, a judicial proceeding, or any proceeding before a board or official, wherein such board or official is authorized to take testimony. In order to constitute perjury the false statement must be made under sanction of an oath or an equivalent affirmation, and must relate to matter material to the issue or question in controversy.
“It is a necessary element of the offense that the accused knew the statement to be false; but an unqualified statement of that which one does not know or definitely believe to be true is equivalent to a statement of that which he knows to be false.”

.It is also necessary to show that each statement was material to the issue in controversy in the particular proceeding.

. In Goldberg, above, the Court stated:
“The relevancy of defendant’s prior or subsequent statement of fact contrary to his testimonial assertion is that, in the absence of evidence of a change in defendant’s knowledge, the jury may permissibly infer that one or the other utterance did not reflect defendant’s belief at the time it was made. The difficulty is that, without more, there is no more reason for thinking the admission to have been true and the testimony false than the reverse. This reason underlies the holdings that a perjury conviction may not be had solely on the basis of oral admissions contrary to the alleged perjurious statement, even if several witnesses testify to the admissions.” 290 F.2d at 733-34.